# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
CEQUEL COMMUNICATIONS, LLC                          Index No.:
d/b/a SUDDENLINK COMMUNICATIONS,
                                                    Date Purchased:

                         Plaintiff,   SUMMONS

      -against-

MOX NETWORKS, LLC,                                  Plaintiff designates
                                                    New York County as the
                                                    place of trial.

                                                    The basis of venue
                                                    is the agreement of the
                        Defendant.   parties.
------------------------------------------------------------------------X

To the above-named Defendant:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on plaintiffs' attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: April 7, 2021

                                                         *Joseph P. Asselta*
                                          Joseph P. Asselta, Esq.
                                          FORCHELLI DEEGAN TERRANA LLP
                                          Attorneys for Plaintiff,
                                          Cequel Communications, LLC
                                          333 Earle Ovington Blvd., Suite 1010
                                          Uniondale, NY 11553
                                          (516) 248-1700

Defendant's Address:

9920 Jefferson Boulevard
Culver City, California 90232

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
CEQUEL COMMUNICATIONS, LLC
d/b/a SUDDENLINK COMMUNICATIONS,

           Plaintiff,

-against-

MOX NETWORKS, LLC,

           Defendant.
------------------------------------------------------------------------X

Index No.:

VERIFIED COMPLAINT

Plaintiff, Cequel Communications, LLC d/b/a Suddenlink Communications, by its attorneys, Forchelli Deegan Terrana LLP, as and for its verified complaint, alleges as follows:

1. At all times hereinafter mentioned, Plaintiff was and is a foreign limited liability company.

2. Upon information and belief, at all relevant times hereinafter mentioned, Defendant, Mox Networks, LLC, was and is a foreign limited liability company.

3. On or about September 26, 2017, Plaintiff entered into a Dark Fiber IRU and Construction Agreement (the "Agreement"), whereby Plaintiff agreed to install and connect fiber optic cables ("Fiber") along segments of various, specific fiber routes, using Fiber and other materials and equipment (collectively, "Fiber System Materials") supplied by Defendant, pursuant to IRU Network Orders to be executed by Plaintiff and Defendant, and Defendant agreed to pay Plaintiff the IRU Fee set forth in each IRU Network Order.

AS AND FOR A FIRST CAUSE OF ACTION

4. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

5. On or about October 31, 2017, in furtherance of the Agreement and pursuant to the terms thereof, Plaintiff and Defendant executed IRU Network Order No. 1, whereby Plaintiff

agreed to install and connect Fiber along a certain fiber route identified therein, using Fiber System Materials supplied by Defendant, and Defendant agreed to pay Plaintiff an IRU Fee in the amount of $3,741,866.01, less $935,466.50 representing the cost of the Fiber System Materials supplied by Defendant, for a remaining IRU Fee of $2,806,399.51.

6. Pursuant to Paragraph 4 of the Agreement, and the terms of IRU Network Order No. 1, payment of the remaining IRU Fee was due within forty-five (45) days of Defendant's acceptance of the Fiber and receipt of an invoice from Plaintiff.

7. Plaintiff fully, satisfactorily and timely performed all of the terms and conditions of the Agreement and IRU Network Order No. 1 that it was required to perform, except as waived and/or prevented by Defendant and/or excused by events beyond Plaintiff's reasonable control, including but not limited to Defendant's furnishing of defective and/or non-conforming Fiber System Materials, and is not in default of any of the terms of the Agreement or IRU Network Order No. 1.

8. In or about March 2020, Defendant accepted the Fiber under IRU Network Order No. 1 by using same for non-testing purposes, as provided for in Section 4 of Exhibit B to the Agreement.

9. More than forty-five (45) days have elapsed since Defendant accepted the Fiber and received Plaintiff's invoice for payment of the remaining IRU Fee under IRU Network Order No. 1.

10. Defendant has materially breached the Agreement and IRU Network Order No. 1 by failing to pay Plaintiff any portion of the remaining IRU Fee in the amount of $2,806,399.51.

11. By reason of the foregoing, Plaintiff is entitled to recover from Defendant the sum of $2,806,399.51, plus interest thereon, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION

12. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

13. On or about October 31, 2017, in furtherance of the Agreement and pursuant to the terms thereof, Plaintiff and Defendant executed IRU Network Order No. 2, whereby Plaintiff agreed to install and connect Fiber along a certain fiber route identified therein, using Fiber System Materials supplied by Defendant, and Defendant agreed to pay Plaintiff an IRU Fee in the amount of $670,823.00, less $103,162.51 representing the cost of the Fiber System Materials supplied by Defendant, for a remaining IRU Fee of $567,660.49.

14. Pursuant to Paragraph 4 of the Agreement, and the terms of IRU Network Order No. 2, $64,543.24 of the remaining IRU Fee was due upon commencement of construction and the balance of $503,117.25 was due within forty-five (45) days of Defendant's acceptance of the Fiber and receipt of an invoice from Plaintiff.

15. Plaintiff fully, satisfactorily and timely performed all of the terms and conditions of the Agreement and IRU Network Order No. 2 that it was required to perform, except as waived and/or prevented by Defendant and/or excused by events beyond Plaintiff's reasonable control, including but not limited to Defendant's furnishing of defective and/or non-conforming Fiber System Materials, and is not in default of any of the terms of the Agreement or IRU Network Order No. 2.

16. In or about March 2020, Defendant accepted the Fiber under IRU Network Order No. 2 by using same for non-testing purposes, as provided for in Section 4 of Exhibit B to the Agreement.

3

17. More than forty-five (45) days have elapsed since Defendant accepted the Fiber and received Plaintiff's invoice for payment of the remaining unpaid portion of the IRU Fee under IRU Network Order No. 2, in the amount of $503,117.25.

18. Defendant has materially breached the Agreement and IRU Network Order No. 2 by failing to fully pay Plaintiff the remaining unpaid portion of the IRU Fee, in the amount of $503,117.25.

19. By reason of the foregoing, Plaintiff is entitled to recover from Defendant the sum of $503,117.25, plus interest thereon, costs and disbursements.

AS AND FOR A THIRD CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

21. On or about October 31, 2017, in furtherance of the Agreement and pursuant to the terms thereof, Plaintiff and Defendant executed IRU Network Order No. 3, whereby Plaintiff agreed to install and connect Fiber along a certain fiber route identified therein, using Fiber System Materials supplied by Defendant, and Defendant agreed to pay Plaintiff an IRU Fee in the amount of $2,021,741.45, less $136,093.45 representing the cost of the Fiber System Materials supplied by Defendant, for a remaining IRU Fee of $1,885,648.00.

22. Pursuant to Paragraph 4 of the Agreement, and the terms of IRU Network Order No. 3, $369,341.91 of the remaining IRU Fee was due upon commencement of construction and the balance of $1,516,306.09 was due within forty-five (45) days of Defendant's acceptance of the Fiber and receipt of an invoice from Plaintiff.

23. Plaintiff fully, satisfactorily and timely performed all of the terms and conditions of the Agreement and IRU Network Order No. 3 that it was required to perform, except as waived and/or prevented by Defendant and/or excused by events beyond Plaintiff's reasonable control,

4

including but not limited to Defendant's furnishing of defective and/or non-conforming Fiber System Materials, and is not in default of any of the terms of the Agreement or IRU Network Order No. 3.

24. In or about March 2020, Defendant accepted the Fiber under IRU Network Order No. 3 by using same for non-testing purposes, as provided for in Section 4 of Exhibit B to the Agreement.

25. More than forty-five (45) days have elapsed since Defendant accepted the fiber and received Plaintiff's invoice for payment of the remaining unpaid portion of the IRU Fee under IRU Network Order No. 3, in the amount of $1,516,306.09.

26. Defendant has materially breached the Agreement and IRU Network Order No. 3 by failing to pay Plaintiff the remaining unpaid portion of the IRU Fee, in the amount of $1,516,306.09.

27. By reason of the foregoing, Plaintiff is entitled to recover from Defendant the sum of $1,516,306.09, plus interest thereon, costs and disbursements.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>

28. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth at length herein.

29. Plaintiff provided labor, materials and equipment, in good faith, to Defendant, at Defendant's request, with respect to the installation and connection of Fiber, and Defendant accepted and received the benefits of same.

30. Plaintiff had an expectation of compensation from Defendant for the labor, materials and equipment it furnished in connection with the installation and connection of the Fiber.

5

31. The fair, reasonable and agreed-upon value of the labor, materials and equipment Plaintiff provided to Defendant, and for which payment has not been made, is $4,825,822.85.

32. By reason of the foregoing, to the extent the Court finds that the Agreement and/or the IRU Network Orders did not exist or are otherwise unenforceable, Plaintiff is entitled to recover from Defendant, in *quantum meruit*, the sum of $4,825,822.85, plus interest thereon.

AS AND FOR A FIFTH CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though more fully set forth at length herein.

34. Defendant materially breached the Agreement and the IRU Network Orders by selling and supplying to Plaintiff defective, non-conforming and unsuitable Fiber System Materials.

35. The Fiber System Materials furnished by Defendant delayed Plaintiff's installation of the Fiber and caused Plaintiff to incur additional costs to handle, troubleshoot and install the Fiber, some of which has been repaired and/or replaced, and with the remainder still needing to be repaired and/or replaced.

36. As a result of Defendant's breach, Plaintiff has sustained, and will sustain, monetary damages expected to exceed $6,800,000, including without limitation the costs and expenses to test, troubleshoot, repair and/or replace the Fiber.

WHEREFORE, Plaintiff, Cequel Communications, LLC d/b/a Suddenlink Communications, demands judgment against Defendant, Mox Networks, LLC, as follows:

    A. On the First Cause of Action in the sum of $2,806,399.51, plus interest thereon, costs and disbursements;

B. On the Second Cause of Action in the sum of $503,117.25, plus interest thereon, costs and disbursements;

C. On the Third Cause of Action in the sum of $1,516,306.09, plus interest thereon, costs and disbursements;

D. On the Fourth Cause of Action in the sum of $4,825,822.85, plus interest thereon, costs and disbursements;

E. On the Fifth Cause of Action in an amount to be proven at trial and expected to exceed $6,800,000, plus interest thereon, costs and disbursements; and

F. For an amount totaling at least $11,625,822.85 and such other and further relief as this Court may deem just and proper, together with the costs, disbursements, and reasonable attorneys' fees.

Dated: Uniondale, New York
April 7, 2021

*Joseph P. Asselta*
Joseph P. Asselta, Esq.
FORCHELLI DEEGAN TERRANA LLP
Attorneys for Plaintiff,
Cequel Communications, LLC d/b/a
Suddenlink Communications
333 Earle Ovington Blvd., Suite 1010
Uniondale, NY 11553
(516) 248-1700

7

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NASSAU     )

      Joseph P. Asselta, being duly sworn, deposes and says: that I am a member of the law firm of Forchelli Deegan Terrana LLP, attorneys for Cequel Communications, LLC d/b/a Suddenlink Communications, the plaintiff in the within action; that I have read and know the contents of the foregoing complaint; and that the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief; and as to those matters, I believe them to be true.

      That the reason this verification is made by deponent and not by plaintiff, is that plaintiff is a foreign limited liability company having offices in a county other than where deponent maintains his offices. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are: The files and records relating to the subject matter of this action received from plaintiff.

          *Joseph P. Asselta*
          Joseph P. Asselta

Sworn to before me this
7th day of April, 2021

*David A. Loglisci*
Notary Public

DAVID A. LOGLISCI
Notary Public, State of New York
No. 02LO6068795
Qualified in Suffolk County
Commission Expires April 12, 2022

8