

faegredrinker.com

**Andrew B. Joseph**
Partner
andrew.joseph@faegredrinker.com
973-549-7264 direct

**Faegre Drinker Biddle & Reath** LLP
600 Campus Drive
Florham Park, New Jersey 07932
+1 973 549 7000 main
+1 973 360 9831 fax

June 22, 2022

**VIA ECF**

Honorable Naomi Reice Buchwald, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

>    Re:   Cequel Communications, LLC d/b/a Suddenlink Communications v. MOX Networks, LLC, Civil Action No. 1:21-cv-05577

Dear Judge Buchwald:

  This firm represents Defendant MOX Networks, LLC ("MOX") in the above-entitled matter. We write to respectfully request an extension of time to complete fact discovery. The current fact discovery deadline is July 15, 2022. Although the parties have diligently engaged in discovery to date, and have worked hard to streamline the process, MOX believes that a modest extension of 60 days—until September 15, 2022—is necessary to complete discovery in a manner that will allow it to properly prepare its defenses and counterclaims. Plaintiff consents to extending the deadline to complete fact discovery but disagrees that an additional 60 days are necessary and consents only to a 30-day extension. The parties' respective positions are explained in more detail below.

  This is the second request to extend the deadline to complete fact discovery in this matter. This Court previously granted a joint request by Plaintiff and MOX to extend the fact discovery deadline from March 15, 2022 to July 15, 2022. *See* Revised Scheduling Order entered March 30, 2022 [ECF No. 23]. MOX respectfully submits that an additional 60-day adjustment to the Scheduling Order is necessary due to (1) the time spent by counsel to cooperatively work to narrow the scope of ESI and discovery, (2) the volume of ESI that has been reviewed and produced since entry of the Revised Scheduling Order on March 30, 2022, and (3) the parties' need to review the recent and forthcoming document productions and conduct fact witness depositions before the close of fact discovery.

  Following entry of this Court's March 30 Revised Scheduling Order, the parties have substantially completed paper discovery. For its part, Plaintiff produced 21,807 documents. The majority of Plaintiff's documents (and virtually all of Plaintiff's ESI) was produced three weeks

Honorable Naomi Reice Buchwald, U.S.D.J.
June 22, 2022
Page 2 of 3

ago, on May 31, 2022, in a production totaling 14,508 documents. Plaintiff has also advised MOX that it expects to make another smaller production of documents sometime soon. Additionally, just yesterday, Plaintiff served notices of the impending service of six third-party document subpoenas, which are returnable on July 5 and 6, 2022.

MOX also made voluminous document productions following this Court's March 30 Order. Between April 20 and June 10, 2022, MOX produced 16,482 documents, including ESI. Although this constitutes substantially all of MOX's paper productions, MOX is in the process of confirming whether it has any additional ESI to produce.

MOX is requesting an additional 60-day extension because the volume of ESI involved in this case has far surpassed either party's reasonable expectations. At the outset of discovery, the parties and counsel spent significant time working cooperatively to narrow the scope of ESI to be collected and reviewed. The process of collecting, reviewing, and producing documents in this matter has been a particularly significant and time-consuming undertaking for MOX. MOX is not sophisticated in litigation matters, has not previously been involved in a large scale ESI collection and review, and has far fewer resources than Plaintiff. Over the past several months, MOX has worked diligently and incurred substantial expense collecting and reviewing tens of thousands of documents in order to respond to Plaintiff's requests. In addition, MOX is now also expending additional significant resources to review the tens of thousands of documents that Plaintiff has recently produced. MOX will also need to spend additional time and resources reviewing Plaintiff's forthcoming document production, as well as the third-party productions that Plaintiff intends to subpoena and that are not returnable for at least another two weeks.

Under the existing discovery schedule, the parties were required to complete fact witness depositions by June 15, 2022 and all fact discovery by July 15, 2022. As detailed in the parties' May 19, 2022 status update to the Court [ECF No. 26], before either party had made a substantial ESI production and in anticipation of the fact that voluminous productions were forthcoming, MOX proposed to Plaintiff that the parties submit a joint request to the Court to extend the discovery schedule. At the time, Plaintiff did not consent to MOX's proposal. After May 19, Plaintiff and MOX had additional discussions regarding the scheduling of a settlement conference, and Plaintiff advised MOX that, depending on the outcome of the conference, it may change its position on the request to extend the discovery schedule. The parties held a settlement conference with party representatives and counsel on Friday, June 17, 2022. At the outset of that settlement conference—which, unfortunately, was unsuccessful—Plaintiff indicated that it would not join any request to extend the discovery schedule. Earlier today, however, Plaintiff revised its position as follows:

> Plaintiff does not consent to a 60-day extension to fact discovery but will consent to a final, 30-day extension. Plaintiff has allocated resources to comply with the Revised Scheduling Order and is prepared to meet the July 15 deadline for fact discovery. Plaintiff wishes to resolve this matter expeditiously, considering that the Court has already granted a lengthy extension, and this matter involves an ongoing business relationship between the parties. However, to avoid burdening the Court with a discovery dispute, Plaintiff will consent to a final extension of 30 days.

Honorable Naomi Reice Buchwald, U.S.D.J.
June 22, 2022
Page 3 of 3

      Despite stating that it is "prepared to meet the July 15 deadline for fact discovery," Plaintiff did not timely serve any deposition notices under the existing schedule and, to date, no depositions have occurred. Rather, just yesterday, Plaintiff attempted for the first time to notice five fact depositions that it wishes to take weeks after the deadline's expiration and immediately following a holiday weekend. In the event that the Court does not extend the existing discovery schedule, MOX reserves the right to object to these depositions as untimely.

      Moreover, MOX respectfully submits that its proposed 60-day extension is more reasonable and appropriate due to the recent and voluminous document productions made by both parties, additional third-party productions that are expected to be made next month, the parties' need to adequately review and analyze documents to prepare for depositions, and the fact that no deposition notices were served before yesterday. Extending discovery by an additional 60 days will best position the parties to streamline the issues in post-discovery motion practice, while restricting the extension to 30 days would make it extremely difficult to schedule and complete depositions (both affirmative and defensive if the schedule is extended) in such a narrow window and would also unfairly limit MOX's ability to review the documents recently produced and properly develop its defenses and pursue its counterclaims.

      For the foregoing reasons, MOX respectfully requests that the Court enter the enclosed Revised Scheduling Order extending the discovery end date by 60 days and other related deadlines as noted within. If the Court has any follow up questions, or would like further detail regarding MOX's requested extension, MOX alternatively requests that the Court hold a Case Management Conference with the parties to discuss scheduling in this matter going forward.

      Thank you for Your Honor's consideration of this request.

      Respectfully submitted,

      */s/ Andrew B. Joseph*
      Andrew B. Joseph

Enclosure
cc:    All counsel of record (via ECF)